UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

M.S and B.K.,

Petitioner,

v.

JULIO HERNANDEZ, et al.,

Respondent.

CASE NO. 2:26-cv-01985-BAT

**ORDER DIRECTING PARTIES TO BRIEF WHETHER MANDAMUS RELIEF SOUGHT BY PETITIONERS MUST BE FILED AS A SEPARATE CIVIL ACTION**

The Court directs the parties to brief whether Petitioners must file a separate complaint to obtain the mandamus relief they request in their 28 U.S.C. § 2241 habeas petition.

Respondents shall file their brief no later than end of day Friday **June 12, 2026** and Petitioners shall file a response no later than end of day **Tuesday, June 16, 2026**. The Court issues this order for the following reasons:

1.      Petitioner M.S. moves the Court to order his immediate release from immigration detention, which is a remedy that can be granted under § 2241.

2.      Petitioner B.K. is not in custody. Both Petitioner B.K. and M.S. ask the Court to order mandamus relief on the grounds  Respondents have (1) violated the APA and 5 U.S.C. § 706 by failing to fulfill their statutory duty to adjudicate the I-730 petition that B.K. filed 17 months ago, and this duty is not displaced by the President's § 212(f) proclamation order; (2)

ORDER DIRECTING PARTIES TO BRIEF
WHETHER MANDAMUS RELIEF SOUGHT
BY PETITIONERS MUST BE FILED AS A
SEPARATE CIVIL ACTION - 1

Respondents have delayed processing B.K.'s I-730 application arbitrarily and capriciously; (3) Respondents have engaged in agency action contrary to law ; (4) Respondents have violated the *Accardi* doctrine by failing to follow its own agency regulations.

3. It appears Petitioners contemplate a separate complaint should be filed as their habeas petition includes in the caption "See subsequent praecipe to charge $405 filing fee so summons for Defendants can be issued."

4. It would also appear while release from custody is clearly a habeas remedy, the opportunity to apply for asylum and other relief from removal that M.S. seeks (based upon the adjudication of B.K.'s I-730 application) is normally outside the scope of a habeas writ and should be brought in separate complaint for mandamus relief.

DATED this 10th day of June, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DIRECTING PARTIES TO BRIEF
WHETHER MANDAMUS RELIEF SOUGHT
BY PETITIONERS MUST BE FILED AS A
SEPARATE CIVIL ACTION - 2