UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

M.S and B.K.,

                Petitioner,

    v.

JULIO HERNANDEZ, et al.,

                Respondent.

CASE NO. 2:26-cv-01985-BAT

**ORDER GRANTING PETITION AND ORDERING IMMEDIATE RELEASE**

Petitioner filed an amended 28 U.S.C. § 2241 habeas petition requesting the Court order (1) immediate release and return of his personal identification documents; (2) Respondents must provide written notice and a hearing before redetaining him; and (3) reasonable fees and costs be awarded. Dkt. 14. The Court **GRANTS** the habeas petition as follows:

1.      Petitioner is a citizen of India and has lived in the United States since 2023. Petitioner was placed into removal proceedings in 2004 and in 2006 an immigration judge ordered him removed. The Board of Immigration Appeals dismissed the appeal of the removal order and Petitioner's order of removal became final in 2012 when the Court of Appeals for the Ninth Circuit denied review.

2.      In 2015, ICE placed Petitioner on an Order of Supervision ("OSUP") because there was no significant likelihood that Petitioner could be removed in the reasonably

ORDER GRANTING PETITION AND
ORDERING IMMEDIATE RELEASE - 1

foreseeable future. Since the issuance of the OSUP, Petitioner has lived in the community, reported for all ICE field office check-ins as required, complied with all conditions of his OSUP, has not engaged in actions indicating he is a danger, has no criminal history, has not absconded, and has long been married and has three children. About November 2025, Respondent's directed Petitioner to report to the ICE Field Office every month, rather than annually. Petitioner reported for all monthly check-ins.

3.    Petitioner's wife B.K. applied for asylum. The immigration judge initially denied B.K.'s asylum application but upon BIA remand, the immigration judge granted B.K.'s asylum application on December 14, 2023. Because B.K was granted asylum, Petitioner became eligible for derivative asylee status. On December 31, 2024, Petitioner's wife, B.K., filed a Form I-730 Refugee/Asylee Relative Petition requesting Petitioner be granted beneficiary asylee status and admission. The required biometrics were completed on February 27, 2025.

4.    Petitioner contends I-730 petitions are generally processed in 16.9 months. However, the I-730 petition filed on Petitioner's behalf has not moved through an interview, request for evidence or a decision because an Executive order issued on January 20, 2025 halted the processing of all I-730 applications. B.K has thus filed a separate action seeking declaratory, injunctive and mandamus relief compelling adjudication of the Refugee/Asylum Relative Petition she filed in 2024 that requests Petitioner be granted beneficiary status and admission. *See B.K. v. Markwayne Mullin, et al.,* 2:26-cv-02338-JLR.

5.    On May 20, 2026, Petitioner reported for his scheduled monthly check-in, was arrested and transferred to the Northwest ICE Processing Center. Petitioner was told he was being detained "based on his final order of removal." After he was detained, Petitioner was provided a notice of revocation of release which states Petitioner's OSUP was revoked "to

ORDER GRANTING PETITION AND
ORDERING IMMEDIATE RELEASE - 2

enforce the removal order entered against you as ICE has the ability and means to effectuate your removal." Petitioner was also provided a warrant of removal which directs Petitioner's arrest on the grounds he "lacks immigration status or notwithstanding such status is removable." On May 22, 2026, ICE conducted an informal interview, but Petitioner did not provide a written or oral statement. Respondents also contend ICE routinely removes aliens to India, anticipates being able to remove Petitioner in the "normal course," requested a travel document sometime in June 2026, and that the Indian Consulate interviewed Petitioner on June 23, 2026.

5.      Petitioner contends he was redetained in violation of the law and thus this Court is not barred by 8 U.S.C. § 1252(g). *See, e.g., Arenado-Borges v. Bondi*, No. 2:25-cv-02193-JNW, 2025 WL 3687518, at *2–3 (W.D. Wash. Dec. 19, 2025). The Court thus possesses jurisdiction under 28 U.S.C. § 2241 and 28 U.S.C. § 1331.

6.      The Court possesses the authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner contends that his re-detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"

ORDER GRANTING PETITION AND
ORDERING IMMEDIATE RELEASE - 3

*Id*. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Additionally, where a procedure is set forth in an agency's regulations in order to protect a fundamental constitutional right such as due process, and the agency fails to follow that regulatory procedure, courts have found this failure constitutes a due process violation. *See, e.g., Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1164 (S.D. Cal. 2025) ("It is well-established that government agencies are required to follow their own regulations. … Numerous district courts, including courts in the Ninth Circuit, 'have determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must be ordered.'" (quoting *Rokhfirooz v. Larose*, 804 F. Supp. 3d 1095, 1099 (S.D. Cal. 2025))).

7.    Here Respondents contend Petitioner's OSUP was properly revoked under 8 C.F.R. § 241.4 and 8 C.F.R. § 241.13. Respondents acknowledge the regulations are intended to provide due process protections and Petitioner enjoys this protection. Petitioner was released from detention under 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13. These regulations set forth the procedure by which release can be revoked if the noncitizen violates a condition of release, if there is a change in circumstances that makes it significantly likely the noncitizen will be removed "in the reasonably foreseeable future," or if revocation is in the public interest. 8 C.F.R. §§ 241.4(l), 241.13(i).  These regulations also provide "[u]pon revocation" of an OSUP, a noncitizen "will be notified of the reasons for revocation of his or her release" and will be afforded an initial informal interview "promptly after his or her return to … custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. §§ 241.4(l)(1), 241.13(i). During that interview, the noncitizen "may submit any evidence or information that he or she believes shows there is no significant likelihood he or she will be removed in the reasonably foreseeable future, or that he or she has not violated the order of

supervision." 8 C.F.R. § 241.13(i).

8.      Here, the warrant for arrest and notice of revocation establish Respondents arrested and detained Petitioner without meeting with the requirements set forth in 8 C.F.R. § 241.13(i). Respondents state "ICE revoked Petitioner's OSUP to enforce Petitioner's removal order and the Acting Field Office Director's decision that his "release is no longer appropriate." Petitioner's order of removal became final 14 years ago. Removal was enforceable more than a decade ago and Petitioner's removability thus is not a "changed circumstance []" that made Petitioner's removal reasonably foreseeable. *See* 8 C.F.R. § 241.13(i)(2).

9.      Respondents fail to specify what changed circumstances justify Petitioner's redetention. Respondents claim ICE routinely removes aliens to India but do not discuss whether Petitioner, who they earlier found could not be removed in the reasonably foreseeable future, falls into the category of aliens routinely removed to India. Respondents further provide no information as to whether India agrees to accept Petitioner or not. *See Singh v. Gonzales*, 448 F. Supp. 2d 1214, 1220 (W.D. Wash. 2006) (Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur.). Further, Respondents requested travel documents to remove Petitioner **after** they arrested and detained Petitioner and thus, they had no ability to remove Petitioner at the time he was arrested. The ground for revocation upon which Respondents rely, foreseeable removability, therefore did not exist when Petitioner was arrested. Even, now there is no evidence there is a travel document or that India is in the process of providing the document.

10.      The Court finds Respondents redetained Petitioner in violation of 8 C.F.R. § 241.4 and 8 C.F.R. § 241.13 and accordingly violated his rights to due process as guaranteed by

ORDER GRANTING PETITION AND
ORDERING IMMEDIATE RELEASE - 5

the Fifth Amendment. The records shows Petitioner was released under an OSUP 14 years ago, has complied with the terms of his release, has not engaged in any activity that indicates he is either a danger to the community or a flight risk. Respondents provide no factual basis to conclude a material change in circumstances justify revocation of Petitioner's release order, and their proffered justification that Petitioner is subject to removal is a decades old circumstance, not a material change in circumstances. Respondents' implication Petitioner will shortly be removed also lacks support. Respondents arrested Petitioner before they even requested travel documents from India and thus at the time of arrest, Respondents lacked the power to remove Petitioner to India. Further, Respondents provide no information that India is even will to accept Petitioner upon removal. When Respondents revoke release to effectuate a final order of removal, ICE must first show there is a significant likelihood of the alien's removal within the reasonably foreseeable future. *J.L.R.P. v. Wofford*, 2025 WL 3190589, at *1–2, 4–5 (E.D. Cal. Nov. 14, 2025) (ICE has burden to show a significant likelihood the noncitizen may be removed). Respondents fail to make this showing. Further, Respondents claim that they believe there are changed circumstances, or they can remove Petitioner are insufficient conclusory statements. *See, e.g., Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 787 (D. Minn. 2025) ("Simply to say that circumstances had changed or there was a significant likelihood of removal in the foreseeable future is not enough. Petitioner must be told what circumstances had changed or why there was now a significant likelihood of removal in order to meaningfully respond to the reasons and submit evidence in opposition."); *Saengphet v. Noem*, 3:25-cv-2909-JES-BLM, 2025 WL 3240808, at *6–7 (S.D. Cal. Nov. 20, 2025) (Notice stating ICE "has determined that you can be expeditiously removed from the United States pursuant to an outstanding order of removal against you" falls short of what is required under regulation and due process).

ORDER GRANTING PETITION AND
ORDERING IMMEDIATE RELEASE - 6

11. As Respondents failed to follow its own regulations in revoking release, the redetention is unlawful, and the petitioner's release must be ordered.'" (quoting *Rokhfirooz v. Larose*, 804 F. Supp. 3d 1095, 1099 (S.D. Cal. 2025))) *see also Luis Sanchez Alfonso v. Bondi*, 2026 WL 395326, at *6 (W.D. Wash. Feb 12, 2026) ("The remedy for Respondents' misconduct is Petitioner's immediate release from custody, "thereby returning [Petitioner] to the status quo before his release was improperly revoked." *Hoang v. Noem,* No. C25-3177, 2026 WL 89319, at *5 (C.D. Cal. Jan. 12, 2026) (finding that merely ordering ICE to provide the "initial informal interview[,]" after "more than two months [of] re-detention, would not cure the violation suffered by" petitioner."); This*uca Del Cid v. Mullin*, 2026 WL 1295891 at * 5 (W.D. Wash. May 12, 2026). This Court accordingly finds release is the proper remedy.

12. The parties also argue whether Petitioner should be released under the test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976): (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest given the procedures used and value of procedural safeguards; and (3) the Government's interest and burdens regarding additional procedural safeguards. *Id.* at 334-35.

13. Respondents argues the first factor weighs against Petitioner because he was a final order of removal, and his removal is reasonably foreseeable. The Court rejects this argument because due process protects noncitizen such as Petitioner. *See Zadvydas v. Davis,* 533 U.S. at 693. Petitioner has lived in the country and in the community for 23 years with his wife and children. His liberty interest is strong, and Respondents' claim that it is reasonably foreseeable he will be removed in the future lacks any factual support. The Court finds the first *Mathews* factor favors Petitioner. Respondents argue the second factor, risk of erroneous deprivation, tilts in their favor because they are working on Petitioner's removal.

ORDER GRANTING PETITION AND
ORDERING IMMEDIATE RELEASE - 7

Respondents' removal efforts fail to address the uncontested fact that Petitioner has lived in the community for over two decades with his wife and children, has always reported and has not engaged in any activity indicating he is a danger to the community. Respondents' argument conflates their power to remove with whether there is any basis to detain. Further there is no evidence of record showing India is in the process of issuing a travel document. The Court thus rejects Respondents' argument and finds the second factor favors Petitioner. And lastly the Court finds the third *Mathews* factor favors Petitioner because Respondents' interest in civil detention of Petitioner is low. *See E.A. T.B, v. Wasmley*, 795 F.Supp.3d 1316, 1323-24 (W.D. Wash. 2025).

14.    In sum the Court finds Respondents' violated Petitioner's due process rights by failing to comply with the requirements of the regulations governing revocation of his OSUP release order, and also in view of the test set forth in *Mathews.* The Court further finds a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24, citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.").

For the foregoing reasons, the Court **ORDERS**:

a.    Petitioner's petition for writ of habeas corpus is **GRANTED**.

b.    Respondents shall **RELEASE** Petitioner within 24 hours of the date and time this order is filed and return his personal possessions including identification documents.

c.    Respondents shall file a **CERTIFICATION** Petitioner has been released no later

than 48 hours of the date and time this order is filed.

d.      The Court denies any blanket request that Respondents be enjoined from ever again redetaining Petitioner without first providing notice and a hearing because there may be valid statutory grounds that require Respondents to redetain him, such as the commission of a qualifying. However, Respondents are **PROHIBITED** from redetaining Petitioner for invalid reasons or no reason at all.

e.      Petitioner's counsel may move for EAJA fees and costs consistent with the law and the statute. If counsel requests EAJA fees be made directly to counsel, counsel should submit proof Petitioner has assigned EAJA fees and costs to counsel.

f.      The clerk shall provide a copy of this order to all counsel.

DATED this 31st day of July, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PETITION AND
ORDERING IMMEDIATE RELEASE - 9